08 CV 00534

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND MARITIME INC.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

RECEIVED
JAN 22 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EASTWIND MARITIME INC.,

                                    Plaintiff,

            v.

TETHYS TRADING,

                                    Defendant.
-----------------------------------------------------------------X

08 CV _____ (___)

**VERIFIED COMPLAINT**

Plaintiff EASTWIND MARITIME INC., (hereinafter "EASTWIND") by its

attorneys, as and for its Verified Complaint against the Defendant, TETHYS TRADING,

(hereinafter "TETHYS"), alleges upon information and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff EASTWIND was and still is a

business entity duly organized and existing pursuant to the laws of the United States with

an office and principal place of business at 444 Madison Avenue, Suite 200, New York, New York, 10022.

3.    At all material times hereto, the plaintiff was a member of the Eastwind Group, which includes a number of subsidiaries and affiliates that are in the business of providing shipping management services, commercial ship management, technical and operational ship management, vessel ownership and related services pertaining to the operation and management of ocean going vessels.

4.    At all material times hereto, the plaintiff was the disponent Owner of the ocean going vessel known as the M/V ELBRUS.

5.    At all material times hereto, the ocean going vessel known as the M/V EW JACKSON was owned and operated by a company associated with the plaintiff, EASTWIND.

6.    At all times material hereto, Defendant TETHYS, was and still is a foreign business entity duly organized and existing pursuant to the laws of foreign country with an office and principal place of business at Rue du Lac Leman – Residence Les Bosquets, 1er etage – Appt. No. 2, Les Berges du Lac 2046, Tunis Tunisia.

THE PLAINTIFF AND DEFENDANT
ARE PARTIES TO TWO MARITIME CONTRACTS

7.    On August 14, 2007, EASTWIND, as owner of the ocean going vessel M/V ELBRUS, entered into a charter party contract with TETHYS TRADING, (hereinafter "TETHYS"), as charterer, whereby TETHYS chartered the M/V ELBRUS to perform a voyage, and carry a cargo of bananas from Ecuador to Algiers for delivery to

SARL-STAR FRUITS IMPORT-EXPORT (hereinafter "STAR FRUIT"), in Algeria in exchange for the payment of freight.

8.    The charter party contract between plaintiff EASTWIND and defendant TETHYS is a maritime contract.

9.    Upon information and belief, TETHYS is a related entity of defendant STAR FRUIT.

10.    Plaintiff EASTWIND has instituted a separate action in the Southern District of New York against STAR FRUIT with the civil index number of 07 CV 11195 (LTS) that is currently pending.

11.    The M/V ELBRUS loaded the cargo of bananas in Guayaquil, Ecuador on or about September 17, 2007, bills of lading for the cargo were issued, the vessel sailed for Algiers with the cargo on board and the vessel arrived in Algiers on October 3, 2007.

12.    The cargo of bananas that was carried on board the M/V ELBRUS had been sold by Liftex S.A. to STAR FRUIT, pursuant to a contract concluded on August 14, 2007.

13.    During the voyage from Guayaquil to Algiers, a dispute arose between Liftex S.A. and TETHYS and STAR FRUIT regarding payment of the purchase price for the cargo.

14.    During the course of the dispute between Liftex S.A. and STAR FRUIT, Panamanian attorneys representing the seller of the cargo, i.e. Liftex S.A., contacted EASTWIND and, those Panamanian attorneys claimed that STAR FRUIT had not fully paid for the cargo, that STAR FRUIT was not the owner of the cargo and, furthermore,

STAR FRUIT did not possess the original bills of lading for the cargo on board the M/V ELBRUS.

15.    The Panamanian attorneys representing Liftex S.A. requested of EASTWIND that the cargo on board the M/V ELBRUS should not be discharged and delivered to STAR FRUIT, without presentation of the original bills of lading that had been issued when the cargo was shipped on board the M/V ELBRUS.

16.    When the M/V ELBRUS arrived in Algeria, STAR FRUIT and defendant TETHYS acknowledged that the shipper, Liftex S.A., was asserting a claim that it had not been paid for the cargo, but STAR FRUIT and defendant TETHYS requested that EASTWIND discharge and deliver all of the cargo on board the vessel in Algiers without the production of the original bills of lading.

17.    With due regard to the fact that the cargo of bananas was a perishable commodity that could not remain on board the vessel indefinitely, EASTWIND requested Letters of Undertaking from defendant TETHYS and STAR FRUIT to facilitate the discharge of the cargo even though defendant TETHYS, the charterer of the vessel the M/V ELBRUS, and STAR FRUIT were unable to present the original bills of lading.

18.    It is common in the maritime industry for the ocean carrier of cargo to make delivery of the cargo at the designated discharge port in exchange for a Letter of Undertaking in situations where the designated receiver of the cargo is not in immediate possession of the original bills of lading.

19.    In exchange for the delivery of the cargo of bananas, the defendant TETHYS did provide EASTWIND with a Letter of Undertaking.

20.    In the Letter of Undertaking (hereinafter "LOU"), TETHYS specifically

agreed to:

"1.    To indemnify you [EASTWIND], your servants and agents

and to hold all of you harmless in respect of any liability, loss, damage or

expenses of whatsoever nature which you [EASTWIND] may sustain by

reason of delivering the cargo in accordance with our [TETHYS] request.

2.    In the event of any proceedings being commenced against

you [EASTWIND] or any your servants or agents in connection with the

delivery of the cargo as aforesaid to provide you [EASTWIND] or them

on demand with sufficient funds to defend same.

3.    If the vessel [M/V ELBRUS] or any other vessel or

property belonging to you [EASTWIND] should be arrested or detained or

if the arrest or detention thereof should be threatened by Liftex S.A. or any

other companies related to the cargo loaded on Elbrus, to provide such bail

or other security as may be required to prevent such arrest or detention or

to secure the release of such ship or property and to indemnify you in

respect of any loss, damage or expenses caused by such arrest or detention

whether or not the same be justified."


21.    The LOU provided by defendant TETHYS is governed by English law,

and it also provided that with respect to any disputes arising under the LOU every person

liable under the LOU will submit to the jurisdiction of the High Court of Justice in

England.

22.    The LOU that was presented by TETHYS to EASTWIND in exchange for

the release of the cargo of perishable bananas was, and is, related to commerce on

navigable waters and the transportation of cargo by sea, consequently, the LOU is a

maritime contract. *See e.g.,* <u>Deval Denizcilnik VE Tigaret A.S. v. Agenzia Tripcovich S.R.L.,</u> 513 F.Supp.2d 6 (S.D.N.Y. 2007).

AS AND FOR A FIRST CAUSE OF ACTION
<u>THE DEFENDANT BREACHED THE CHARTER PARTY MARITIME CONTRACT</u>

23.    On August 14, 2007, plaintiff EASTWIND, as disponent owner of the ocean-going vessel M/V ELBRUS, entered into a charter party contract with defendant TETHYS, as charterer, whereby defendant TETHYS hired the M/V ELBRUS to carry a cargo of bananas from Ecuador to Algiers.

24.    The charter party contract between plaintiff EASTWIND and defendant TEHTYS is a maritime contract.

25.    Under the terms of the charter party maritime contract, demurrage for the vessel was to be charged at $8,500 per day.

26.    Plaintiff EASTWIND fulfilled its obligations under the maritime contract.

27.    However defendant TETHYS has failed to pay demurrage in an amount as nearly as can now be estimated as $118,358.25, and therefore it is in breach of the charter party maritime contract.

28.    The maritime contract charter party between the plaintiff EASTWIND and defendant TETHYS, at clause 19, provides that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

29.    The plaintiff EASTWIND intends to demand arbitration from the defendant TETHYS in London.

30.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration.

6

31.    As best as can now be estimated, the plaintiff EASTWIND expects to recover the following amounts in London arbitration from defendant TETHYS on its first cause of action for breach of the charter party, the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim for demurrage: | $118,358.25 | |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | $ 29,555.98 | |
| C. | Estimated attorneys' fees: | $ 50,000.00 | |
| D. | Estimated arbitration costs/expenses: | $ 25,000.00 | |
| | **Total Claim for first cause of action:** | **$229,914.23** | |

## AS AND FOR A SECOND CAUSE OF ACTION
### THE DEFENDANT BREACHED THE LOU MARITIME CONTRACT

32.    On or about December 1, 2007, LIFTEX S.A. arrested the vessel M/V EW JACKSON in Panama.

33.    In the complaint that was filed to obtain the arrest of the M/V EW JACKSON, Liftex S.A. alleged that the cargo of bananas carried on board the M/V ELBRUS was wrongfully discharged and delivered to the STAR FRUIT in Algeria, that the M/V EW JACKSON was a vessel or property in the same or associated ownership of the M/V ELBRUS and that the arrest was necessary for Liftex S.A. to obtain security for its claim against the M/V ELBRUS and her owner for wrongful delivery of cargo to STAR FRUIT.

34.    To secure release of the M/V EW JACKSON, EASTWIND posted a Letter of Undertaking in the amount of US$730,000.00 to secure the claims made by Liftex S.A.

35.     Once the Letter of Undertaking was provided to Liftex S.A. and Liftex S.A. had security for its claims against the M/V ELBRUS and her owner, the M/V EW JACKSON was released from arrest in Panama.

36      On December 10, 2007, EASTWIND issued a demand to TETHYS pursuant to the LOU requesting defendant TETHYS to provide cash or a bank guarantee for the sum of US$730,000.00 which would stand as security in Panama in place of the security provided by EASTWIND to secure release of the M/V EW JACKSON.

37.     On December 10, 2007, EASTWIND also demanded that defendant TETHYS provide EASTWIND with funds sufficient to defend the claims being presented by Liftex S.A. against EASTWIND in Panama.

38.     In breach of its obligations under the Letter of Undertaking, defendant TETHYS has failed to post security following the arrest of the M/V EW JACKSON, and defendant TETHYS has failed to pay funds to EASTWIND to defend the claims being asserted by Liftex S.A.

39.     By reason of TETHYS's breaches of it obligations pursuant to the LOU, EASTWIND has served notice on TETHYS that EASTWIND will avail itself of all of its legal and contractual remedies including, but not limited to, initiation of an action in the High Court of Justice in London.

40.     EASTWIND's London solicitors are presently preparing an action to be filed in the High Court of Justice in England against the defendant, TETHYS.

41.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in litigation pursuant to English law.

42.    As best as can now be estimated, the Plaintiff EASTWIND expects to

recover the following amounts from defendant TETHYS in the High Court of Justice in

London:

| | | |
|---|---|---|
| A. | Funds to replace the security already posted for the claims asserted by Liftex S.A in Panama: | $ 730,000.00 |
| B. | Costs to defend the claim of Liftex S.A. in Panama: | $ 100,000.00 |
| C. | Estimated attorneys' fees to be incurred in the London action against defendant TETHYS: | $ 100,000.00 |
| D. | Estimated litigation costs/expenses to be incurred in London for the action against defendant TETHYS: | $  70,000.00 |
| | **Total** | **$1,000,000.00** |

## TOTAL CLAIM

43.    Plaintiff EASTWIND has alleged two separate causes of action against

defendant TETHYS, one for breach of the charter party dated August 14, 2007 and

another cause of action for breach of the Letter of Undertaking dated October 1, 2007.

44.    As such, plaintiff EASTWIND's total claim amounts to:

| | | |
|---|---|---|
| A. | First Cause of Action for breach of the charter party: | $ 229,914.23 |
| B. | Second Cause of Action for breach Of the Letter of Undertaking: | $1,000,000.00 |
| | **Total** | **$1,229,914.23** |

## PRAYER FOR RELIEF

33.    Notwithstanding the fact that the in *personam liability* of the defendant to

the claims of plaintiff EASTWIND is subject to determination by the High Court of

Justice in England, there are now, or will be during the pendency of this action, certain

assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers,

goods or services, bills of lading, cargo and the like belonging to or claimed by the

Defendant within this District and held by various parties, as garnishees.

34.    Plaintiff EASTWIND believes that some of these assets, *to wit*: bank

accounts; payments of freight and/or hire from the shippers of the cargoes on board the

M/V ELBRUS and/or other cargoes on other vessels chartered by defendant; freight

and/or hire payments being made to other vessel owners for vessels chartered by

defendant; Clearing House Interbank Payment System (CHIPS) credits; and/or

miscellaneous funds and payments are being electronically transferred ("EFTs") through

intermediary banks located in this District in the possession of garnishees, namely banks

or financial institutions located in New York.

35.    As set forth in the accompanying affidavit of Owen F. Duffy, the

defendant cannot be found within this District within the meaning of Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure.

36.    Because this Verified Complaint sets forth an *in personam* maritime claim

against the defendant and because the defendant cannot be found within this District

within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B

attachment and garnishment are met and Plaintiff seeks the issuance of process of

maritime attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the Defendant, in the event that the defendant challenges the jurisdiction of the High Court of Justice in England or London arbitration and/or so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.     That the Defendant be summoned to appear and answer this Verified Complaint;

B.     That the Defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like, whether tangible or intangible, belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.     That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the High Court of Justice of England, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US $1,229,914.23**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.    That Plaintiff has such other and further relief as the Court may determine

to be just and proper under the circumstances.

Dated: Port Washington, New York
          January 22, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND TRANSPORTATION LTD.

By:    _____
          Owen F. Duffy (OD-3144)
          George E. Murray (GM-4172)
          366 Main Street
          Port Washington, New York 11050
          Tel:   (516) 767-3600
          Fax:  (516) 767-3605
          ofd@codus-law.com
          gmurragy@codus-law.com

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
EASTWIND MARITIME INC.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

EASTWIND MARITIME INC.,

                          Plaintiff,

        v.

TETHYS TRADING,

                          Defendant.
--------------------------------------------------------------X

08 CV _____ (__)

**VERIFICATION**

STATE OF NEW YORK    :
                       : ss.
COUNTY OF NASSAU   :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F.

Duffy who, after being duly sworn, did depose and state:

      1.     That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, EASTWIND MARITIME INC., herein;

      2.     That he has read the foregoing complaint and knows the contents thereof;

      3.     That he believes the matters to be true based on documents and

information obtained from employees and representatives of the Plaintiff through its

agents, underwriters and attorneys; and

4.    That the reason that this verification was made by deponent and not by the

Plaintiff is because verification by Plaintiff's officers could not be obtained within the

time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
          January 22, 2008

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Plaintiff,
                                        EASTWIND MARITIME INC.

                          By:          _____
                                        Owen F. Duffy (OD-3144)
                                        366 Main Street
                                        Port Washington, New York 11050
                                        Tel:  (516) 767-3600
                                        Fax:  (516) 767-3605
                                        ofd@codus-law.com

Subscribed and sworn to before me this
January 22, 2008

_____
Notary Public, State of New York

          **GEORGE E. MURRAY**
     **Notary Public, State of New York**
            **No. 02MU6108120**
        **Qualified in New York County**
   **Commission Expires April 12, 2008**

2